UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

Carlos D.,                                                                                         File No. 26-cv-1666 (ECT/LIB)

           Petitioner,

v.                                                                                                  **OPINION AND ORDER**

Pamela Bondi, *Attorney General*; Kristi
Noem, *Secretary, U.S. Department of
Homeland Security*; Todd M. Lyons,
*Acting Director of Immigration and
Customs Enforcement*; David Easterwood,
*Acting Director, St. Paul Field Office
Immigration and Customs Enforcement*, and
Eric Tollefson, *Sheriff of Kandiyohi County*,

           Respondents.
_____

Evan Joel Mulholland and Jay E. Eidsness, Minnesota Center for Environmental Advocacy, St. Paul, MN, for Petitioner Carlos D.

David R. Hackworthy, Department of Homeland Security, Minneapolis, MN; and David W. Fuller, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, and David Easterwood.

_____

Petitioner Carlos D. is a citizen of El Salvador who has lived in the United States since on or about August 23, 2022, when he "entered the United States without inspection and was detained near the border shortly thereafter." Pet. [ECF No. 3] ¶¶ 13–14. Carlos "does not have a final order of removal." *Id.* ¶ 14. He has "no known criminal record." *Id.* ¶ 16; *see* ECF No. 6 at 7 (stating Carlos has "No Criminal History"). On February 22, 2026, at 1:30 a.m., Carlos was stopped by a Ward County deputy outside of Minot, North

Dakota,[1] while driving a vehicle with only one functioning headlight. ECF No. 6 at 6. Because Carlos and his passenger "only had foreign identification cards," the deputy contacted Border Patrol to check their immigration status. *Id.* "The system showed that both subjects did not have any identification or documents showing that they were in the United States legally." *Id.* (citation modified). An immigration officer arrived at the stop location at approximately 2:00 a.m., and both Carlos and his passenger were arrested and "transported to the Bottineau Border Patrol Station for processing." *Id.* The Petition alleges, "[u]pon information and belief," that Carlos "was not shown a warrant or any documentation at the time of arrest." Pet. ¶ 17. "While at the Bottineau Border Patrol Station, [Carlos] stated that he was willing to talk without his lawyer present and wanted to accept a voluntary deportation from the United States." ECF No. 6 at 6. "On February 22, 2026, [Carlos] was offered and accepted a voluntary departure to El Salvador." *Id.* at 8. According to the Petition, Carlos signed the voluntary departure document "because the conditions of his detainment were unbearable and he did not believe he would be able to make it through his detention." Pet. ¶ 15.[2] The Voluntary Departure and Verification of

---

[1]   The Petition alleges that Carlos was arrested "in the Twin Cities metro area . . . at approximately 1:50 p.m." on February 22, 2026. Pet. ¶ 17. However, Respondents attached a narrative signed by a Border Patrol Agent detailing Carlos's arrest outside of Minot, North Dakota. ECF No. 6 at 6. In his reply, Carlos does not dispute that his initial detention occurred in North Dakota. *See* ECF No. 9 at 5 n.1.

[2]   The Petition states that Carlos signed the voluntary departure document while he was being held at the Bishop Henry Whipple Federal Building in St. Paul, Minnesota. *See* Pet. ¶ 15. This statement conflicts with the immigration documents provided by Respondents, which indicate that Carlos signed the Voluntary Departure and Verification of Departure at the "Bottineau Border Patrol Station" on February 22, 2026. *See* ECF No. 6 at 3.

Departure Form I-210 that Carlos signed states that Carlos was "granted voluntary departure by the . . . DHS" on February 22, 2026, and Carlos is "required to depart from the United States on or before [March 22, 2026] . . . at government expense." *See* ECF No. 6 at 3.

Respondents[3] challenge this Court's jurisdiction to decide Carlos's Petition based on his location at the time the Petition was filed. *See* ECF No. 5 at 3–4. "[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). "An exception is recognized, however, where the petitioner's location is unknown at the time of filing—such as when the petitioner is in transit—or where immigration authorities have not disclosed where the petitioner is being detained or by whom, and circumstances have prevented or precluded contact with counsel." *Adriana M.Y.M. v. Easterwood*, No. 26-cv-213 (JWB/JFD), 2026 WL 184721, at *2 (D. Minn. Jan. 24, 2026); *accord Fausto T. v. Bondi*, No. 26-cv-748 (PJS/EMB), slip op. at 1–2 (D. Minn. Jan. 28, 2026), ECF No. 3; *Angel A. v. Lyons*, No. 26-cv-777 (SRN/ECW), slip op. at 2–3 (D. Minn. Feb. 2, 2026), ECF No. 7. Respondents argue that Carlos "was detained in New Mexico at the time the Petition was filed," and that is "where his detention remains." *See* ECF No. 5 at 1–2.

Carlos was moved several times following his arrest on February 22, 2026. At the time of the Petition's filing, Carlos was believed to be held at the Kandiyohi County Jail in

---

[3] When used in this Order, "Respondents" refers to the federal officials named as Respondents. Respondent Eric Tollefson, the Kandiyohi County Sheriff, has not appeared in these proceedings.

Willmar, Minnesota, but his precise location was not available in the Online Detainee Locator System. *See* Pet. ¶¶ 7, 12, 21; ECF No. 9-1 ¶ 3. Carlos's counsel's efforts to locate Carlos on the Kandiyohi County Jail roster or by calling the Kandiyohi County Jail at that time were unsuccessful. *See* ECF No. 9-1 ¶¶ 4–5. According to Respondents' "review of DHS records," after Carlos was arrested outside of Minot, North Dakota, on February 22, Carlos was "transported . . . to the Bottineau Border Patrol Station in Bottineau, North Dakota." *See* ECF No. 5 at 2. Carlos "was then transported to the Grand Forks Detention Center in Grand Forks, North Dakota." *Id.* On February 25, Carlos was transferred to the Kandiyohi County Jail in Willmar, Minnesota. *See id.* On February 26, Carlos was transferred to ERO El Paso Camp East Montana in Texas. *See id.* On February 27, the day the Petition was filed, Carlos was transferred to Torrance/Estancia New Mexico, where he remained at the time of Respondents' answer's filing on March 1, 2026. *See id.* According to Carlos, after Respondents filed their answer, on March 2, 2026, the Online Detainee Locator System showed that Carlos was being held both "In ICE Custody" and "In CBP Custody" at the "ERO El Paso Camp East Montana." ECF No. 9-1 ¶ 6; *id.* at 4. Then, on March 3, 2026, the Online Detainee Locator System identified Carlos as being both "In CBP Custody" and "In ICE Custody" at "the Whipple Federal Building in Fort Snelling." *Id.* ¶ 7. As of this writing, the Online Detainee Locator shows Carlos's location as both "In CBP Custody" and "In ICE Custody" at the "Sherburne County Facility" in Minnesota:



*See Online Detainee Locator System*, U.S Immigr. & Customs Enf't, https://locator.ice.gov/odls/#/search (last visited Mar. 4, 2026). I conclude that circumstances prevented Carlos's counsel from locating Carlos or communicating with him at the time his Petition was filed. And Carlos is presently detained in Minnesota. On these facts, I may properly exercise jurisdiction over Carlos's Petition.

Carlos challenges his detention under 28 U.S.C. § 2241. Pet. ¶ 2. He claims he has been wrongly classified as an 8 U.S.C. § 1225(b)(2) detainee (whose detention is mandatory) rather than an 8 U.S.C. § 1226(a) detainee (whose detention is discretionary and who is entitled to a bond hearing). Pet. ¶¶ 27–30; *see Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (explaining legal framework). According to Carlos, that misclassification and denial of a bond hearing violate his right to due process under the Fifth Amendment, the Immigration and Nationality Act, and the Administrative Procedure Act. *See* Pet. ¶¶ 31–47. Carlos seeks issuance of a writ of habeas corpus

directing his release unless he is provided a bond hearing under 8 U.S.C. § 1226(a); if his release is ordered, that he be released in Minnesota without conditions of release, except for those conditions to ensure his safety and the return of his personal effects; issuance of an order enjoining his transfer outside this District during the pendency of his Petition; that this Court retain jurisdiction over the matter to decide any future motion for attorneys' fees and costs; and "any other and further relief that this Court may deem just and proper." *See id.* at 17–18.

Recognizing that "[t]his petition raises legal and factual issues like those in prior habeas petitions this Court has decided," Respondents argue that Carlos is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), relying on their position in the appeal of *Avila v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025). *See* ECF No. 5 at 4. This raises an issue of statutory interpretation[4] that courts in this District have repeatedly considered and rejected, and it will be rejected here as well.

Carlos has shown he has been misclassified under § 1225(b)(2) rather than § 1226(a). As courts have explained, the former statute applies to applicants "seeking admission," and the latter to "aliens already in the country." 8 U.S.C. § 1225(b)(2)(A); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. § 1226(a) and (c)); *see Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v.*

---

[4]   To the extent Respondents challenge this Court's subject-matter jurisdiction to consider Carlos's Petition, consistent with previous rulings on this issue, I find that the jurisdiction-stripping provisions of § 1252(a)(5), (b)(9), and (g) do not apply to "the narrow question whether a noncitizen is subject to discretionary detention under 8 U.S.C. § 1226 or mandatory detention under § 1225(b)(2)." *Fernando F.P.D. v. Brott*, No. 25-cv-4455 (ECT/ECW), 2025 WL 3675151, at *2 (D. Minn. Dec. 17, 2025) (citing cases).

*Bondi*, --- F. Supp. 3d ---, No. 25-cv-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-cv-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *Andres R.E. v. Bondi*, No. 25-cv-3946 (NEB/DLM), 2025 WL 3146312, at *2–3 (D. Minn. Nov. 4, 2025); *E.M. v. Noem*, 25-cv-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-cv-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025). As of this writing, two federal courts of appeals have ruled on the question, one reaching and one rejecting this conclusion. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1062 (7th Cir. 2025) (concluding that respondent was not likely to prevail on the merits that petitioner was subject to mandatory detention under § 1225(b)(2)); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. Feb. 6, 2026) (finding petitioner was subject to mandatory detention under § 1225(b)(2)). Carlos has lived in the United States for over three years, Pet. ¶ 13, and I find his detention falls under § 1226(a) and not § 1225(b)(2).[5]

The final issue is the appropriate remedy. Section 1226 provides that "*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained." 8 U.S.C. § 1226(a) (emphasis added). "Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." *Choglo Chafla v. Scott*,

---

[5] Respondents do not argue that Carlos is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c), or that any other statutory scheme other than that raised in the Petition would apply to Carlos's detention. *See* ECF No. 5.

804 F. Supp. 3d 247, 264 (D. Me. 2025), *appeal filed* (Nov. 6, 2025). "[I]t follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." *Id.* (emphasis in original); *accord Chiliquinga Yumbillo v. Stamper*, No. 2:25-cv-00479, 2025 WL 2783642, at *5 (D. Me. Sep. 30, 2025); *J.A.C.P. v. Wofford*, No. 1:25-cv-01354, 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025); *see also Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023) (stating § 1226 "is not even triggered unless an arrest warrant is issued" and that "[i]f [an] alien has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered"), *appeal dismissed*, 2023 WL 5212561 (11th Cir. July 11, 2023). Carlos alleges that he was arrested without a warrant. *See* Pet. ¶ 17. Respondents produced a warrant, but it is dated February 22, 2026, at 10:25 a.m.—several hours *after* Carlos's arrest. *See* ECF No. 6 at 2, 6. Respondents do not explain how this post-arrest warrant would satisfy § 1226's warrant requirement, nor have they advanced any specific argument that justifies Carlos's detention under § 1226(a) without a warrant.

"[R]elease is an available and appropriate remedy" for "detention that lacks a lawful predicate." *Vedat C. v. Bondi*, No. 25-cv-4642 (JWB/DTS), slip op. at 6 (D. Minn. Dec. 19, 2025) (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008)). "Where the record shows Respondents have not identified a valid statutory basis for detention in the first place, the remedy is not to supply one through further proceedings." *Id.*; *see Chogllo Chafla*, 804 F. Supp. 3d at 264 ("Since the Government did not comply with the plain language of section 1226(a), [petitioners'] immediate release is justified."); *J.A.C.P.*, 2025 WL 3013328, at *8 (same); *Chiliquinga Yumbillo*, 2025 WL 2783642, at *5

8

(reaching same conclusion); *see also Munaf*, 553 U.S. at 693 ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (citation modified)).[6]

This case presented unique circumstances. Respondents unquestionably possessed authority to detain Carlos under § 1226(a). However, Respondents have not attempted to explain how a warrant executed several hours after Carlos's arrest might be effective. Nor do Respondents argue that Carlos's decision to accept a voluntary departure to El Salvador changes things. For these reasons, this order may not mean very much. Perhaps officers will serve the required warrant on Carlos as soon as he is released and then re-detain him under that warrant. Perhaps Carlos has been removed already based on his voluntary-departure agreement. Regardless, in the absence of argument addressing these issues specifically, the law as I understand it requires granting Carlos's habeas petition to the extent he seeks release.

**ORDER**

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Petitioner Carlos D.'s Verified Petition for Writ of Habeas Corpus [ECF No. 3] is **GRANTED** as follows:

1. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226.

---

[6] The resolution of this statutory-interpretation question in Carlos's favor makes it unnecessary to address the Petition's remaining grounds.

2.      Respondents shall release Petitioner from custody as follows:

      a.      If Petitioner remains detained in Minnesota, Respondents shall release Petitioner from custody as soon as practicable, but not later than 48 hours after entry of this Order.

      b.      If Petitioner has been moved outside of Minnesota, as soon as practicable, but not later than 72 hours after entry of this Order, Respondents shall return Petitioner to Minnesota and then release Petitioner from custody.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  March 6, 2026, at 3:05 p.m.      s/ Eric C. Tostrud
      Eric C. Tostrud
      United States District Court